UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| KYLE FULTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-036-RLJ-DCP |
| | ) |
| COUNTY JAIL ADMINISTRATION, | ) |
| DAVID BARRERA, CORPORAL | ) |
| PARTIN, and F BLACKBURN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 2]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint.

### I. FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff is unable to pay the filing fee. Accordingly, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is incarcerated in the Coffee County Jail, he will be **ASSESSED** the filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period prior to the complaint filing. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust

account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

Accordingly, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to Coffee County's custodian of inmate accounts and the Court's financial deputy.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. Courts liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

### B. Analysis

Plaintiff alleges that on July 16, 2020, while he was incarcerated in the Coffee County Jail, he was not allowed to use the phone to call his lawyer during his recreational period because "the

2

phones were cut off" [Doc. 1 p. 4]. He asked Defendant Corporal Partin to turn the phones on, but this Defendant declined to do so and stated that Defendant Barrera had mandated that the phones stay off [*Id.*]. Plaintiff then asked Defendant Corporal Partin to open the visitation cell so that Plaintiff could schedule a lawyer visit, but Defendant Corporal Partin denied this request as well [*Id.*]. Plaintiff filed a grievance regarding this issue, but Defendant Blackburn's response thereto indicated that the policy is not going to change, nothing was done, and Plaintiff still cannot call his lawyer [*Id.* at 2, 4].

First, to the extent that Plaintiff seeks relief based on a claim for denial of access to courts, it is apparent from the complaint that Plaintiff is represented by counsel and therefore his right of access to the courts is fully protected. *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991). Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 for denial of access to Courts.

Moreover, Plaintiff does not set forth any facts from which the Court can plausibly infer that Defendant Blackburn was personally involved in any violation of his constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Blackburn and he will be **DISMISSED**.

Also, Defendant County Jail Administration is not a "person" under § 1983 and thus is not a suable entity under this statute. *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir.

3

2006). However, the Court will liberally construe Plaintiff's allegations against this entity as against Coffee County and the Clerk will be **DIRECTED** to substitute Coffee County in the place of this entity.

Lastly, the Court liberally construes Plaintiff's complaint to allege that Defendant Corporal Partin has refused to allow him to use the phone to contact his counsel pursuant to a policy that Defendant Barrera and/or Defendant Coffee County authorized or implemented, and this claim will proceed against Defendants Corporal Partin, Barrera, and Coffee County. *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994) (providing that prisoners retain the right to communicate with friends, family, and counsel while in prison, but do not have a right to unlimited telephone calls, and that prisoners' right to communicate therefore may be limited based on the "legitimate security interests of the penal institution . . . . subject to court scrutiny for unreasonable restrictions").

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to Coffee County's custodian of inmate accounts and the Court's financial deputy;

5. Defendant Blackburn is **DISMISSED**;

6. The Clerk is **DIRECTED** to substitute Coffee County as a Defendant in the place of the County Jail Administration;

7. This action will only proceed as to Plaintiff's claim that Defendant Corporal Partin has refused to allow him to use the phone to contact his counsel pursuant to a policy that Defendant Barrera and/or Defendant Coffee County implemented or authorized;

4

Case 4:20-cv-00036-RLJ-CHS   Document 7   Filed 09/28/20   Page 4 of 6   PageID #: 27

8. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Corporal Partin, Barrera, and Coffee County. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

9. Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

10. Plaintiff is forewarned that if he does not return the completed service packets within the time required, the Court will dismiss this action;

11. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

12. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or Defendants' counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

6