# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| KYLE FULTS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-036-RLJ-CHS |
| COFFEE COUNTY, DAVID BARRERA, and CORPORAL PARTIN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On July 20, 2021, the Court entered an order granting Defendants' motion to compel Plaintiff to respond to their discovery requests, directing the Clerk to send Plaintiff those discovery requests, and requiring Plaintiff to respond to those discovery requests within thirty (30) days of entry of that order [Doc. 23 p. 1–2]. This order also notified Plaintiff that failure to timely comply would result in dismissal of this action for want of prosecution and failure to comply with Court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [*Id.*].

However, more than two weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing this order as undeliverable [Doc. 24]. Plaintiff has not notified the Court of any change of address or otherwise communicated with the Court since the return of this mail, and Defendants have filed a motion a motion to dismiss this action in which they note that Plaintiff did not timely respond to their discovery requests and that they are unaware of any change

in Plaintiff's address [Doc. 25]. For the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) and Defendants' motion [*Id.*] will be **DENIED as moot**.[1]

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely provide the Court with his address is due to Plaintiff's willfulness or fault. Specifically, the Court previously notified Plaintiff three times that if he failed to update his address with the Court within fourteen days of an address change, this would be grounds for dismissal of this action [Doc. 3 p. 1, Doc. 7 p. 5, Doc. 21 p. 3], and Plaintiff acknowledged this requirement by previously filing three notices of change of address [Docs. 5, 8, 13]. As to the second factor, the Court finds that Plaintiff's failure to update the Court and Defendants regarding his address has prejudiced Defendants, as he has not responded to their discovery requests. As to the third factor, as noted above, the Court previously notified Plaintiff three times that if he failed to update his address with the Court within fourteen days of an address change, this would be grounds for dismissal of this action [Doc. 3 p. 1, Doc. 7 p. 5, Doc. 21 p. 3]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, he has

---

[1] Specifically, the Court will dismiss this action *sua sponte* given Plaintiff's apparent failure to timely update the Court as to his address change, rather than provide time for Plaintiff to respond to Defendants' motion to dismiss.

2

failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b) and Defendants' motion to dismiss [Doc. 25] will be **DENIED as moot**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge